COPY

Robert J. Feldhake, Esq. (CA #107380)
rfeldhake@far-law.com
Jeannette C.C. Darrow, Esq. (CA #214951)
jdarrow@far-law.com
THE FELDHAKE LAW FIRM, APC
650 Town Center Drive, Suite 1590
Costa Mesa, California 92696
Telephone No. (714) 352-8230
Facsimile No. (714) 352-8270

Kenneth S. August, Esq. (CA #152704)
kaugust@augustlawgroup.com
AUGUST LAW GROUP, P.C.
1900 Von Karman, Suite 900
Irvine, California 92612
Telephone No. (949) 752-7772
Facsimile No. (949) 752-7776

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| FRANK W. CUTLER, WALFRAN, LTD., FWC EDUCATIONAL TRUST aka FRANK W. CUTLER EDUCATIONAL TRUST dated 12/15/99, JAMES DECCIO, EVA FERENCOVA, ERIN RAHN, RALPH KARP, DEWAIN CAMPBELL, MERRILL MCCARTHY, LAKIN MCCARTHY, a minor, by MERRILL MCCARTHY, her guardian ad litem, and BRYN MCCARTHY, a minor, by MERRILL MCCARTHY, her guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>RANCHER ENERGY CORP., JOHN WORKS, and Does 1 to 20, Inclusive,<br><br>Defendants. | Case No.: **CV09-2696 ODW(JWJx)**<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>(1) INTENTIONAL MISREPRESENTATION;<br><br>(2) NEGLIGENT MISREPRESENTATION;<br><br>(3) CONCEALMENT;<br><br>(4) UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY (Cal. Corp. Code Section 25401); and<br><br>(5) VIOLATIONS OF FEDERAL SECURITIES LAWS. |

THE FELDHAKE LAW FIRM APC

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

Plaintiffs Frank W. Cutler, Walfran, Ltd., FWC Educational Trust aka Frank W. Cutler Educational Trust dated 12/15/99, James Deccio, Eva Ferencova, Erin Rahn, Ralph Karp, Dewain Campbell, Merrill McCarthy, Lakin McCarthy, a minor, by Merrill McCarthy, her guardian ad litem, and Bryn McCarthy, a minor, by Merrill McCarthy, her guardian ad litem, (collectively "Plaintiffs"), by and through their attorneys, The Feldhake Law Firm, APC, and August Law Group, P.C., allege and complain as follows:

## JURISDICTION

The Court has subject matter jurisdiction over all causes of action asserted in this Complaint by virtue of 28 U.S.C. section 1331 (federal question jurisdiction) and 28 U.S.C. section 1367 (supplemental jurisdiction). The Court also has subject matter jurisdiction over all claims for relief by virtue of diversity of citizenship under 28 U.S.C. section 1332 because Plaintiffs reside and do business in California and Oregon and Defendants reside and do business in Colorado. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has personal jurisdiction over all of the Defendants in this action in that, as described below, each Defendant does sufficient business in California or otherwise has sufficient minimum contacts with California so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

1. Plaintiff Frank W. Cutler ("Mr. Cutler") is and at all times mentioned herein was an individual residing in the County of Orange, State of California.

THE FELDHAKE LAW FIRM APC

-2-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

2. Plaintiff Walfran, Ltd. ("Walfran") is and at all times mentioned herein was an unincorporated entity doing business in the County of Orange, State of California.

3. The FWC Educational Trust aka Frank W. Cutler Educational Trust dated 12/15/99 (the "FWC Educational Trust") is a California trust.

4. James Deccio is and at all times mentioned herein was an individual residing in San Mateo, California.

5. Eva Ferencova is and at all times mentioned herein was an individual residing in San Mateo, California.

6. Erin Rahn is and at all times mentioned herein was an individual residing in the County of Orange, State of California.

7. Ralph Karp is and at all times mentioned herein was an individual residing in Sacramento, California.

8. Dewain Campbell is and at all times mentioned herein was an individual residing in the County of Orange, State of California.

9. Merrill McCarthy is and at all times mentioned herein was an individual residing in the State of Oregon, and is the guardian ad litem for minor Plaintiffs Lakin McCarthy and Bryn McCarthy.

10. Lakin McCarthy, a minor, is and at all times mentioned herein was an individual residing in the State of Oregon.

THE
FELDHAKE
LAW FIRM
APC

-3-
COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

11. Bryn McCarthy, a minor, is and at all times mentioned herein was an individual residing in the State of Oregon.

12. Plaintiffs are informed and believe, and based thereon allege that Defendant Rancher Energy Corp. ("Rancher") is and at all times mentioned herein was a Nevada corporation with its principal place of business in Denver, Colorado.

13. Plaintiffs are informed and believe, and based thereon allege that Defendant John Works ("Mr. Works") is an individual residing in the State of Colorado. At all times mentioned herein, Mr. Works was the President and Chief Executive Officer of Rancher.

14. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, who are therefore sued by their fictitious names. Plaintiffs are informed and believe, and based thereon allege that each of the Defendants designated herein as a fictitiously named defendant is legally responsible for the events and happenings herein referred to in this complaint. When Plaintiffs ascertain the true names and capacities of these Doe defendants, Plaintiffs will amend this Complaint.

15. At all times mentioned herein, each of the named Defendants and Does 1 through 20, inclusive, were and are the actual and/or ostensible agents, servants, employees, officers, directors, alter-ego, co-conspirators, parent companies, successors, and/or joint venturers of each other, and acted within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

THE FELDHAKE LAW FIRM APC

-4-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

# FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. In December 2006 and January 2007, Plaintiffs became aware of a private placement offering (the "Offering") by Rancher. Plaintiffs communicated directly with Defendants, including Mr. Works, regarding the Offering. Defendants pressed Plaintiffs to invest quickly, urging that 'time was of the essence' as the funds raised from the Offering were to be used to fund the immediate purchase of several valuable oil fields, and that other investors were in place and a failure to move quickly would see Plaintiffs lose an opportunity to make big returns on their investments. Defendants represented that additional financing was in place assuring the financial success of Rancher, and that the investors in Rancher would make a lot of money if they participated in the Offering. Defendants concealed information from Plaintiffs and failed to ensure that Defendants were complying with state and federal securities laws and regulations. Defendants promised to provide Plaintiffs with documentation regarding the Offering but did not do so before Plaintiffs wired funds to Rancher in December 2006 and January 2007 to participate in the Offering based upon Defendants' representations.

17. Defendants employed devices, schemes, and artifices to defraud, made untrue statements of material facts and omitted to state material facts necessary to make the statements not misleading, and engaged in acts and practices and a course of conduct which operated as a fraud and deceit upon Plaintiffs to obtain and retain their funds in violation of state and federal securities laws. The statements made by Defendants were materially false and misleading because at the time they were made, Defendants knew or recklessly ignored and failed to disclose the matters set forth in this Complaint. Plaintiffs relied on Defendants' representations, or indirectly on the false and misleading

THE FELDHAKE LAW FIRM APC

-5-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

statements or omissions made by Defendants, and wired funds to Defendants to participate in the Offering, and thereafter sustained damages.

18. Defendants' representations were intended to induce Plaintiffs to participate in the Offering, and were material inducements in Plaintiffs causing funds to be wired to Defendants to participate in the Offering. Plaintiffs relied upon Defendants' representations and wired funds to Defendants.

19. Had Plaintiffs known of the true facts surrounding the Offering, that the representations made by Defendants were untrue, and that Defendants concealed information from and failed to disclose information to Plaintiffs, Plaintiffs would not have participated in the Offering. As a direct and proximate result, Plaintiffs have been damaged.

## FIRST CAUSE OF ACTION

**[Intentional Misrepresentation against all Defendants]**

20. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 though 19, inclusive, and incorporate them as though fully set forth.

21. Defendants represented to Plaintiffs that additional financing was in place assuring the financial success of Rancher, and that the investors in Rancher would make a lot of money if they participated in the Offering. Defendants concealed information from Plaintiffs regarding Defendants' failure to comply with state and federal securities laws and regulations, and failed to ensure that Defendants were complying with state and federal securities laws and regulations.

THE FELDHAKE LAW FIRM APC

-6-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

22. The representations made by Defendants were false and Defendants knew that the representations were false when they were made. Defendants made the foregoing representations recklessly and without regard for their truth.

23. Defendants intended that Plaintiff rely on their representations, and Plaintiffs reasonably relied on the representations. At the time Defendants made the representations, Plaintiffs were ignorant of the falsity of the representations and believed them to be true. Plaintiffs could not, in the exercise of reasonable diligence, have discovered the falsity of the representations.

24. Plaintiffs' reliance on Defendants' representations was a substantial factor in causing their harm, and Plaintiffs were in fact harmed by Defendants' misrepresentations.

25. Defendants' intentional misrepresentations, deceit and concealment were made or undertaken with the intention on the part of Defendants of depriving Plaintiffs of their property or otherwise causing injury, and was conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in addition to compensatory damages.

## SECOND CAUSE OF ACTION
### [Concealment against all Defendants]

26. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 though 19, and 21 through 25, inclusive, and incorporate them as though fully set forth.

THE FELDHAKE LAW FIRM APC

-7-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

27. By virtue of their relationship with each other and with Plaintiffs, Defendants had a duty and obligation to honestly and accurately provide information to Plaintiffs.

28. Based upon the foregoing, Defendants intentionally failed to disclose facts to Plaintiffs, and intentionally failed to disclose important facts that were only known to Defendants and that Plaintiffs could not have discovered intending to deceive Plaintiffs.

29. Plaintiffs did not know of the concealed facts and reasonably relied on Defendants' deception.

30. Plaintiffs' reliance on Defendants' concealment was a substantial factor in causing their harm, and Plaintiffs were in fact harmed by Defendants' concealments.

31. Defendants' concealments and failures to disclose were made or undertaken with the intention on the part of Defendants of depriving Plaintiffs of their property or otherwise causing injury, and was conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in addition to compensatory damages.

### THIRD CAUSE OF ACTION

[Negligent Misrepresentation against all Defendants]

32. Plaintiffs repeat and reallege each and every allegation contained in

THE FELDHAKE LAW FIRM APC

-8-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

Paragraphs 1 though 19, 21 through 25, and 27 through 31, inclusive, and incorporate them as though fully set forth.

33. Defendants represented to Plaintiffs that additional financing was in place assuring the financial success of Rancher, and that the investors in Rancher would make a lot of money if they participated in the Offering. Defendants concealed information from Plaintiffs regarding Defendants' failure to comply with state and federal securities laws and regulations, and failed to ensure that Defendants were complying with state and federal securities laws and regulations.

34. The representations made by Defendants were false and Defendants had no reasonable grounds for believing the representations were true when they were made. Defendants made the foregoing representations recklessly and without regard for their truth.

35. Defendants intended that Plaintiff rely on their representations, and Plaintiffs reasonably relied on the representations. At the time Defendants made the representations, Plaintiffs were ignorant of the falsity of the representations and believed them to be true. Plaintiffs could not, in the exercise of reasonable diligence, have discovered the falsity of the representations.

36. Plaintiffs' reliance on Defendants' representations was a substantial factor in causing their harm, and Plaintiffs were in fact harmed by Defendants' misrepresentations.

THE FELDHAKE LAW FIRM APC

-9-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

# FOURTH CAUSE OF ACTION

## [Untrue Statements Or Omissions In Connection With Sale Of A Security (Cal. Corp. Code Section 25401) against all Defendants]

37. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 though 19, 21 through 25, 27 through 31, and 33 through 36, inclusive, and incorporate them as though fully set forth.

38. Based upon the foregoing facts, Defendants made untrue and misleading statements of material facts and omitted material facts in offering and selling Rancher securities to Plaintiffs. Defendants knew these statements were untrue at the time Defendants made them, and knew that the facts omitted and concealed were material to Plaintiffs' decision to participate in the Offering.

39. Plaintiffs reasonably relied on such statements and did not know and had no reason to know of the information concealed from them.

40. As a result of Defendants' representations and concealments, Plaintiffs participated in the Offering and caused funds to be wired to Defendants to purchase securities.

41. Plaintiffs seek rescission of these securities transactions and/or the full amount of damages allowed by statute.

THE FELDHAKE LAW FIRM APC

-10-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

# FIFTH CAUSE OF ACTION

## [Violation of Federal Securities Laws against all Defendants]

42. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 though 19, 21 through 25, 27 through 31, and 33 through 36, inclusive, and incorporate them as though fully set forth.

43. Defendants employed devices, schemes, and artifices to defraud, made untrue statements of material facts and omitted to state material facts necessary to make the statements not misleading, and engaged in acts and practices and a course of conduct which operated as a fraud and deceit upon Plaintiffs to obtain and retain their funds in violation of federal securities laws. The statements made by Defendants were materially false and misleading because at the time they were made, Defendants knew or recklessly ignored and failed to disclose the matters set forth in this Complaint. Plaintiffs relied on Defendants' representations, or indirectly on the false and misleading statements or omissions made by Defendants, and wired funds to Defendants to participate in the Offering, and thereafter sustained damages.

44. Defendants' representations were intended to induce Plaintiffs to participate in the Offering, and were material inducements in Plaintiffs causing funds to be wired to Defendants to participate in the Offering. Plaintiffs relied upon Defendants' representations and wired funds to Defendants.

45. Had Plaintiffs known of the true facts surrounding the Offering, that the representations made by Defendants were untrue, and that Defendants concealed information from and failed to disclose information to Plaintiffs,

THE FELDHAKE LAW FIRM APC

-11-

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

Plaintiffs would not have participated in the Offering. As a direct and proximate result, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. For rescission of the securities transactions described above;
2. For general and compensatory damages in an amount to be proven at trial;
3. For punitive and exemplary damages in an amount to be proven at trial;
4. For prejudgment interest at the prevailing legal rate;
5. For costs of suit incurred by Plaintiffs;
6. For reasonable attorneys' fees; and
7. For such other and further relief as the Court deems proper.

THE FELDHAKE LAW FIRM, APC

Dated: April 17, 2009    By: _____
Robert J. Feldhake
Jeannette C.C. Darrow
Attorneys for Plaintiffs Frank W. Cutler, Walfran Ltd., and FWC Educational Trust aka Frank W. Cutler Educational Trust dated 12/15/99

AUGUST LAW GROUP, P.C.

Dated: April 17, 2009    By: _____
Kenneth S. August
Attorneys for Plaintiffs James Deccio, Eva Ferencova, Erin Rahn, Ralph Karp, Dewain Campbell, Merrill McCarthy, Lakin McCarthy, a minor, by Merrill McCarthy, her guardian ad litem, and Bryn McCarthy, a minor, by Merrill McCarthy, her guardian ad litem

THE FELDHAKE LAW FIRM APC

-12-
COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS

Plaintiffs would not have participated in the Offering. As a direct and proximate result, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. For rescission of the securities transactions described above;
2. For general and compensatory damages in an amount to be proven at trial;
3. For punitive and exemplary damages in an amount to be proven at trial;
4. For prejudgment interest at the prevailing legal rate;
5. For costs of suit incurred by Plaintiffs;
6. For reasonable attorneys' fees; and
7. For such other and further relief as the Court deems proper.

THE FELDHAKE LAW FIRM, APC

Dated: April 17, 2009     By: _____
Robert J. Feldhake
Jeannette C.C. Darrow
Attorneys for Plaintiffs Frank W. Cutler, Walfran, Ltd., and FWC Educational Trust aka Frank W. Cutler Educational Trust dated 12/15/99

AUGUST LAW GROUP, P.C.

Dated: April 17, 2009     By: _____
Kenneth S. August
Attorneys for Plaintiffs James Deccio, Eva Ferencova, Erin Rahn, Ralph Karp, Dewain Campbell, Merrill McCarthy, Lakin McCarthy, a minor, by Merrill McCarthy, her guardian ad litem, and Bryn McCarthy, a minor, by Merrill McCarthy, her guardian ad litem

COMPLAINT FOR DAMAGES FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION; CONCEALMENT; UNTRUE STATEMENTS OR OMISSIONS IN CONNECTION WITH SALE OF A SECURITY; SECURITIES LAWS VIOLATIONS